```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
                   COUNSEL/PARTIES OF RECORD

        JUL 28 2009

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY:  _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHERYL MOULTON, | 3:09-cv-00016-BES-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF SPARKS, JUDGE KEVIN HIGGINS, both as individual and Sparks Justice Court Judge; JUDGE SUSAN DERISO, both as individual and Sparks Justice Court Judge; SPARKS POLICE DEPARTMENT; WASHOE COUNTY; WASHOE COUNTY SHERIFF'S DEPARTMENT; EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; JOHN COLEMAN; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; MICHAEL S. GRADY, both as individual and Lakeside Plaza Board Director; MARY L. HARRIS, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500, | |
| Defendants. | |

Currently before the Court is Defendants Washoe County, Washoe County Sheriff's Department, and Sparks Justice Court Judges Kevin Higgins and Susan Deriso's Motion to Dismiss FRCP 12(b)(6) (#15) filed on February 2, 2009. Plaintiff Sheryl Moulton ("Plaintiff") did not file an opposition to the motion.

## BACKGROUND

Plaintiff filed a Complaint (#1) in this action on January 13, 2009, against various individuals and entities including Washoe County, the Washoe County Sheriff's Department ("Sheriff's Department") and two Judges of the Sparks Justice Court, Judge Kevin Higgins ("Judge Higgins") and Judge Susan Deriso ("Judge Deriso"). Plaintiff's Complaint alleges thirty-three causes of action and seeks both injunctive relief and $10,000,000 in damages.

Judge Higgins and Judge Deriso filed a motion to dismiss the claims asserted against them on the basis of judicial immunity. (Motion to Dismiss (#15) at 5). According to the judicial defendants, the actions by them "of which the Plaintiff complains fall squarely into traditional notions of judicial functions to which absolute judicial immunity applies." Id. Washoe County and the Sheriff's Department (collectively referred to herein as the "Washoe Defendants") move to dismiss the claims asserted against them on the basis of qualified immunity. Id. at 8. According to the Washoe Defendants, their conduct "was consistent with their legal obligations and cannot be construed as violating any Constitutional rights." Id. at 14. In this regard, the Washoe Defendants state that "[a]n officer with probable cause to arrest a suspect, and who takes that suspect into custody . . . . coupled with allegations that Sheriff Office Deputies question[ed] the Plaintiff's neighbors do not show that any Constitutional rights were violated." Id. at 15. Rather, "these are precisely the functions a reasonable person would expect from these Defendants." Id. As noted, Plaintiff did not file an opposition to the motion to dismiss filed by these defendants.

## ANALYSIS

Local Rule 7-2 provides that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2. The "[f]ailure to follow a district court's local rules is a proper grounds for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Although Plaintiff's failure to file an opposition constitutes a consent to the granting of the motion, before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest

2

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In this matter, the balance of factors weigh in favor of dismissal because the Washoe Defendants, Judge Higgins and Judge Deriso have filed a meritorious motion to dismiss on the claims asserted against them.

I.    **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also construe the allegations of the complaint in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The Court may only grant a motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

II.   **Judicial Immunity**

Judges acting in their judicial capacities enjoy absolute immunity from actions for damages under 42 U.S.C. §1983. See Brown v. California Dept. of Corr., 554 F.3d 747, 750 (9th Cir. 2009). This immunity reflects the long-standing "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004)(quoting Bradley v. Fisher, 80 U.S. 335, 347, 20 L.Ed. 646 (1871)). "Disagreement with the action taken by the judge . . . does not justify depriving [the] judge of

his immunity." Stump v. Sparkman, 435 U.S. 349, 363 (1978). Moreover, "[d]espite the unfairness to litigants that sometimes results, the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice.'" Id. (quoting Bradley, 13 Wall. at 347). As such, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987)(citing Stump, 435 U.S. at 356-57).

In this matter, Plaintiff argues that her constitutional rights were violated by Judge Higgins when he issued a temporary restraining order against her "banning Plaintiff from speaking about Perau's criminal activity." (Complaint (#1) at 12). According to Plaintiff, this restraining order violated her first amendment right to free speech. In addition, Plaintiff asserts that Judge Higgins violated her rights to due process during "an impromptu hearing for restraining orders" when she "was refused discovery by Sparks Police Department," and when "Judge Higgins rejected United States Supreme Court decision and precedent law." Id. As to Judge Deriso, Plaintiff claims that Judge Deriso violated her constitutional rights by issuing a temporary order "for protection against stalking, aggravated stalking or harassment." Id. at 13.

Based on the allegations asserted in Plaintiff's Complaint, the Court finds that Judge Higgins and Judge Deriso are entitled to judicial immunity for the claims asserted against them. It is clear from Plaintiff's factual allegations that she is suing both judges based on actions taken while they were exercising their authority as a judicial officer. Even though Plaintiff may disagree with the rulings of the justice court, both judges are entitled to immunity from civil suit under section 1983 because they were engaged in judicial functions at the time the actions occurred. As such, they are entitled to an order dismissing the claims asserted against them in this action.

### III.  Qualified Immunity

A plaintiff may bring suit under 42 U.S.C. §1983 against a government official who "acts under color of state law to deprive that person of constitutional rights." See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). When a constitutional violation occurs, "law enforcement

4

1 | officers nonetheless are entitled to qualified immunity if they act reasonably under the
2 | circumstances." See KRL v. Estate of Moore, 512 F.3d 1184, 1189 (9th Cir. 2008). "The
3 | doctrine of qualified immunity protects government officials 'from liability for civil damages
4 | insofar as their conduct does not violate clearly established statutory or constitutional rights
5 | of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. —, 129
6 | S.Ct. 808, 815 (2009). As such, "[q]ualified immunity protects government officials performing
7 | discretionary functions where their conduct is objectively reasonable." Morley, 175 F.3d at
8 | 760.

9 | In Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 1251 (2001), the Supreme Court
10 | mandated a two-step sequence for resolving qualified immunity claims. First, a court must
11 | decide whether the alleged facts make out a violation of a constitutional right. Id. at 201, 121
12 | S.Ct. 2151. If the plaintiff satisfies the first step, the court must then decide whether the right
13 | at issue was "clearly established" at the time of the alleged misconduct. Id. More recently,
14 | however, the Supreme Court revisited Saucier and concluded that "while the sequence set
15 | forth there is often appropriate, it should no longer be regarded as mandatory." Pearson, 129
16 | S.Ct. at 818. "The judges of the district courts...should be permitted to exercise their sound
17 | discretion in deciding which of the two prongs of the qualified immunity analysis should be
18 | addressed first in light of the circumstances in the particular case at hand." Id. Accordingly,
19 | district courts may now choose to avoid the constitutional question altogether and dismiss a
20 | case based on qualified immunity where the right was not clearly established at the time of the
21 | alleged misconduct. However, in this case, the Court finds that the analysis of Saucier is
22 | appropriate.

23 | According to Plaintiff's Complaint, it appears her allegations against the Washoe
24 | Defendants stem from an alleged unlawful arrest that occurred on August 9, 2007. (Complaint
25 | (#1) at 10). Plaintiff asserts that on that date, she "was falsely arrested just out of her Reno
26 | home by Washoe County Sheriff's Department." Id. Plaintiff states that "this false arrest was
27 | in response to investigative internet videos placed on YouTube and for an investigative
28 | website . . . that investigated some of the crimes of some of the defendants." Id. at 10-11.
According to Plaintiff, "she was wrongfully removed from private property . . . and taken into

custody by Washoe County Sheriff's Department and unlawfully detained for nearly 13 hours." Id. at 11. At this time, according to Plaintiff, she was subject to "cruel and unusual punishment" in the form of "strip search, whip lash, hair pulled, contusions, lacerations, assault and battery." Id. at 20. Finally, Plaintiff argues that the Washoe Defendants violated her constitutional rights by failing to "read Plaintiff her rights ('Mirandize') pursuant to Miranda v. Arizona." Id.

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" Devenpeck v. Alford, 543 U.S. 146, 125 S.Ct. 588, 594. "In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Id. "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Id.

In this case, although Plaintiff's Complaint asserts that her arrest was "unlawful," she does not provide any factual background as to the nature of her arrest or whether the officers conducting the arrest had a warrant or acted without probable cause. Because Plaintiff does not address the nature of the officer's conduct or whether the officers lacked either a valid warrant or probable cause, Plaintiff has not stated sufficient facts to state a claim under the Fourth Amendment. In addition, Plaintiff's tort causes of action fail to address the legal elements necessary for each claim or to provide factual support for her causes of action. Rather, they assert identical generic allegations despite the unique nature and element of each tort.

In addition, Plaintiff's claim that the Washoe Defendants violated her constitutional rights by failing "to Mirandize" her is dismissed. Despite Plaintiff's assertions, failure to administer Miranda warnings is not in itself a violation of the Fifth Amendment. See New York v. Quarles, 467 U.S. 649, 654, 104 S.Ct. 2626, 2630 (1983). In fact, the Miranda Court recognized this point when it disclaimed any intent to create a "constitutional straightjacket" and invited Congress and the States to suggest "potential alternatives for protecting the privilege." Miranda v. Arizona, 384 U.S. 436, 467, 86 S.Ct. 1602, 1624 (1966). Because it

was not a constitutional violation under the Fifth or Sixth Amendments to fail to advise Plaintiff of her <u>Miranda</u> rights, a remedy under section 1983 is not available to Plaintiff.[1] Accordingly, this claim is dismissed.

Based on the foregoing, the Washoe Defendants are entitled to an order dismissing the claims asserted against them in Plaintiff's Complaint. Not only did Plaintiff consent to the granting of the motion by failing to file an opposition, but a review of the allegations in her Complaint show that she failed to state a claim upon which relief can be granted against these defendants.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants Washoe County, Washoe County Sheriff's Department, and Sparks Justice Court Judges Kevin Higgins and Susan Deriso's Motion to Dismiss FRCP 12(B)(6) (#15) is GRANTED.

The Clerk of the Court shall enter judgment accordingly.

Dated this 28th day of July, 2009.

_____
United States District Judge

---

[1] In fact, with respect to the Sixth Amendment, the right to counsel only attaches "at or after the initiation of adversary judicial criminal proceedings" such as a formal charge, preliminary hearing, indictment, information, or arraignment. <u>United States v. Gouveia</u>, 467 U.S. 180, 188, 104 S.Ct. 2292, 2297 (1984). It does not appear from the allegations in Plaintiff's Complaint that charges were filed in this matter. Therefore, she had no Sixth Amendment right to counsel at the time of her arrest.