```
        FILED              RECEIVED
        ENTERED            SERVED ON
                    COUNSEL/PARTIES OF RECORD

               JUL 28 2009

           CLERK US DISTRICT COURT
             DISTRICT OF NEVADA
BY:                          DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHERYL MOULTON, | 3:09-cv-00016-BES-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF SPARKS, JUDGE KEVIN HIGGINS, both as individual and Sparks Justice Court Judge; JUDGE SUSAN DERISO, both as individual and Sparks Justice Court Judge; SPARKS POLICE DEPARTMENT; WASHOE COUNTY; WASHOE COUNTY SHERIFF'S DEPARTMENT; EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; JOHN COLEMAN; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; MICHAEL S. GRADY, both as individual and Lakeside Plaza Board Director; MARY L. HARRIS, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500, | |
| Defendants. | |

Currently before the Court is Gayle A. Kern and Gayle A. Kern, Ltd's (collectively referred to herein as the "Kern Defendants") Motion to Strike Putative "First Amended Complaint" and Motion for Sanctions (#18) filed on February 19, 2009. Defendants Washoe County, Washoe County Sheriff's Department and Justice Court Judges Kevin Higgins and Susan Deriso (collectively referred to herein as the "Washoe Defendants") filed a Joinder in

1  Motion to Strike Putative First Amended Complaint and Motion for Sanctions (#19) on
2  February 25, 2009. Defendants Lakeside Plaza Condominium Association, Ulla Christensen,
3  Daniel N. Joseph, Mary L. Harris, and Rich Svihla (collectively referred to herein as the
4  "Lakeside Defendants") also filed a Joinder in Motion to Strike and Motion for Sanctions (#20)
5  on March 9, 2009. Plaintiff Sheryl Moulton ("Plaintiff") did not file an opposition to the motion
6  to strike or motion for sanctions.[1]

## BACKGROUND

Plaintiff filed an initial Complaint (#1) in this action on January 13, 2009 against various defendants. On January 27, 2009, Defendants City of Sparks and the Sparks Police Department (collectively referred to herein as the "Sparks Defendants") filed a Motion for More Definite Statement (#4). On January 29, 2009, the Kern Defendants filed both an Answer (#6) and a Motion to Dismiss (#7). The Lakeside Defendants filed a Motion to Dismiss (#13) on January 30, 2009, and the Washoe Defendants filed a Motion to Dismiss (#15) on February 2, 2009. Plaintiff did not file an opposition to any of these motions.

Despite the filing of the Kern Defendants' Answer and the various motions, Plaintiff filed an amended complaint in this action on February 14, 2009. (First Amended Complaint (#18)). Defendants now move to strike this filing pursuant to Fed. R. Civ. P. 15(a) "on the grounds that pro per plaintiff Moulton has filed a putative amendment to her complaint after the filing of a responsive pleading without first seeking or obtaining leave of court." (Motion to Strike (#18) at 2). According to the motion to strike, because the Kern Defendants "filed a responsive pleading, Moulton was required to seek leave of court before filing an amended complaint." Id. at 3. As such, the amended complaint should be stricken for failing to comply with Rule 15. Id.

Fed. R. Civ. P. 15 governs the filing of amended and supplemental pleadings. According to Rule 15(a), a party may amend its pleading once as a matter of course before

---

[1] Local Rule 7-2 provides that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d).

2

being served with a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Here, a responsive pleading was filed by the Kern Defendants on January 29, 2009. See Answer (#6). As such, Plaintiff was required, under Rule 15, to seek leave of court prior to filing an amended complaint. Because Plaintiff did not have leave of court to file an amended pleading, the Amended Complaint (#21) filed on February 19, 2009 is stricken.

The Kern Defendants also seek sanctions against Plaintiff as a result of her alleged "willful disregard of the Federal Rules of Civil Procedure" pursuant to 28 U.S.C. § 1927. According to their motion, the Kern Defendants request "sanctions against plaintiff in the form of attorney's fees" on the ground that Plaintiff's misconduct "is unnecessarily multiplying the proceedings" and the defendants' costs "by her consistent refusal to follow the rules of procedure." (Motion to Strike (#18) at 4).

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In interpreting this rule, the Ninth Circuit has held that "[i]nvocation of a federal court's inherent power to sanction requires a finding of bad faith."[2] Holgate v. Baldwin, 425 F.3d 671, 680 (9th Cir. 2005). Bad faith is present when an attorney "knowingly or recklessly" raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996).

In this matter, although the Court recognizes that Plaintiff violated the mandates of Fed. R. Civ. P. 15(a), the Court does not find that Plaintiff acted in bad faith as required in order to impose sanctions under Section 1927. In this regard, counsel for the Kern

---

[2] This standard is in contrast to Rule 11 which "eliminates good faith defenses against sanctionable legal or factual contentions." On Time Aviation, Inc. v. Bombardier Capital Inc., 570 F.Supp. 2d 328, 331 (D.Conn. 2008). "The 1993 amendment to Rule 11 eliminated any need for bad faith to be found before sanctions may be levied; instead, Rule 11(b)(2) 'establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Id. (quoting Fed. R. Civ. P. 11 advisory committee).

3

Defendants, Alice Campos Mercado ("Mercado"), provided e-mail correspondence between her and Plaintiff regarding the filing of the amended complaint. In this correspondence, Mercado requested that Plaintiff withdraw her amended complaint because she could not file such a pleading without leave of court. (Motion to Strike (#18) at Exhibit 1, p. 5). Plaintiff refused stating that she filed the amended complaint after reviewing the Sparks' Defendants' Motion for More Definite Statement. Id. Specifically, Plaintiff stated that the "amended complaint was in response to City of Sparks' request for one." It appears from Plaintiff's response that rather than acting in bad faith with the purpose of harassing the defendants, she erred in her understanding and application of the governing rules of procedure.[3] As such, the Kern Defendants are not entitled to sanctions under Section 1927.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Kern Defendants' Motion to Strike Putative "First Amended Complaint" and Motion for Sanctions (#18) is GRANTED IN PART and DENIED IN PART.

The Kern Defendants' Motion to Strike is GRANTED and Plaintiff's Amended Complaint (#21) is stricken.

The Kern Defendants' Motion for Sanctions is DENIED.

Dated this 29th day of July, 2009.

United States District Judge

---

[3] Plaintiff should note that although the Court will not grant the Kern Defendants' motion for sanctions in this instance, she is required to become familiar and comply with the Rules of Civil Procedure and the Local Rules of Practice for the United States District Court District of Nevada. See King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987)("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also Carter v. C.I.R., 784 F.2d 1006, 1009 99th Cir. 1986)(holding that although a party is pro se, he or she is "expected to abide by the rules of the court in which" he or she litigates").

4