# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHERYL MOULTON, | 3:09-cv-00016-RCJ-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF SPARKS, JUDGE KEVIN HIGGINS, both as individual and Sparks Justice Court Judge; JUDGE SUSAN DERISO, both as individual and Sparks Justice Court Judge; SPARKS POLICE DEPARTMENT; WASHOE COUNTY; WASHOE COUNTY SHERIFF'S DEPARTMENT; EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; JOHN COLEMAN; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; MICHAEL S. GRADY, both as individual and Lakeside Plaza Board Director; MARY L. HARRIS, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500, | |
| Defendants. | |

Currently before the Court is Defendants City of Sparks and Sparks Police Department (collectively referred to herein as the "Sparks Defendants") Motion to Dismiss (#37) filed on September 11, 2009. Plaintiff Sheryl Moulton ("Plaintiff") did not file an opposition.[1]

---

[1] Local Rule 7-2 provides that the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2.

1   Plaintiff filed a Complaint (#1) in this action on January 13, 2009, against various
2   defendants including the Sparks Defendants.[2]  Plaintiff's Complaint alleged thirty-three causes
3   of action and sought both injunctive relief and $10,000,000 in damages. On January 27, 2009,
4   the Sparks Defendants filed a motion for more definite statement on the basis that "the
5   Complaint in the instant matter [was] vague, ambiguous, and speculative." (Motion for More
6   Definite Statement (#4) at 3). According to the Sparks Defendants, the Complaint did not
7   allow them to prepare a reasonable response, to adequately deny any claim, or to properly
8   assert any defenses that might have been available. Id. In addition, the Sparks Defendants
9   stated that the Complaint failed to provide specific factual allegations against the Sparks
10  Defendants to which they could properly respond.

11  On July 28, 2009, the Court granted the Sparks Defendants' motion for a more definite
12  statement. (Order (#26)). In its Order, the Court held that Plaintiff's Complaint was so vague
13  and ambiguous that the Sparks Defendants could not reasonably prepare a response.
14  According to the Court, not only did Plaintiff's causes of action fail to identify the legal
15  elements, but the complaint also failed to state what acts or omissions the Sparks Defendants
16  engaged in that entitled her to relief against them.

17  As a result of Plaintiff's vague and ambiguous allegations, the Court ordered Plaintiff
18  to file an amended complaint as to the Sparks Defendants which clearly stated how the Sparks
19  Defendants violated Plaintiff's legal rights. Plaintiff had until August 14, 2009 to file an
20  amended complaint.

21  On September 11, 2009, the Sparks Defendants filed the current motion to dismiss.
22  The Sparks Defendants note that Plaintiff failed to file an amended complaint in this action.
23  As such, the Sparks Defendants now request that the claims asserted against them be
24  dismissed.

25  In this matter, the Court finds that because Plaintiff failed to file an amended complaint
26  as ordered, the Sparks Defendants are entitled to an order dismissing the claims asserted
27  against them.

28
---
[2] All defendants aside from the Sparks Defendants have been dismissed from the lawsuit at this time.

2

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant City of Sparks and Sparks Police Department's Motion to Dismiss (#37) is GRANTED.

Dated this __30th__ day of March, 2010.

_____
United States District Judge